WINDHAM COUNTY,

February Term, 1838.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
" SAMUEL S. PHELPS, } *Assistant Justices.*
" ISAAC F. REDFIELD, }

AARON ALDRICH *v.* WILLIAM H. WILLIAMS and SAMUEL CLARK.

A review may be had from a judgment, rendered on a writ of *scire facias*, brought by a prosecutor to recover damages occasioned by the breach of a probate bond.

THE facts in this case appear from the opinion of the court delivered by

WILLIAMS, C. J.—The question in this case is, whether the defendant is entitled to a review. It appears that the writ is a *scire facias* on a probate bond. At a former time, on a suit brought by another prosecutor, judgment was rendered for the penalty, and agreeably to the provisions of the statute, the judgment remains as a security for any further or other breaches of the bond. The present prosecutor has instituted this *scire facias*, to recover damages sustained by him in consequence of other breaches of the bond. At the September term of the county court, in 1836, a judgment was rendered for the plaintiff, on demurrer, but the damages were not assessed until the September term, 1837. At the latter term, the judgment was completed, and the review, if permitted, must have been taken at that term, and not at the pre-

ous term, when the judgment was only interlocutory. The review claimed by the defendant was denied by the county court.

Actions on probate bonds were formerly required to be brought in the supreme court, but by the statute of 1824, jurisdiction of all civil causes, except such as were, by that act, required to be brought to the supreme court, was given to the county court. This embraced actions on probate bonds. By the same statute, either party was permitted once, and no more, to review his cause to the next county court. This writ of *scire facias* is not like the common and ordinary writs, to carry into effect a former judgment, and founded wholly upon the record, but is in the nature of an original action, presents traversable facts, the trial of which may be by jury. The proceedings thereon are according to the course of the common law, and are not regulated wholly by statute. Pleadings may be had, as in other suits between party and party. There is nothing, therefore, in the nature of the action, whatever may be its form, which requires that a review should be denied, or would take it out of the operation of the statute, giving each party the right to a review. The county court, therefore, erred in denying the review, and on the defendants procuring bail, the review will be granted.

The defendant accordingly entered bail,—the review was granted, and the cause remanded to the county court.

*Keyes & Bradley* and *J. Roberts* and *D. Kellogg*, for defendants.

*R. M. Field* and *Wm. C. Bradley*, for plaintiff.